**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**BRITTANY POLLARD, et al.**                                                **PLAINTIFFS**

**V.**                                              **CAUSE NO. 3:20-CV-791-CWR-FKB**

**EDITH SMITH-RAYFORD, M.D., et al.**                             **DEFENDANTS**

**ORDER**

Before the Court is the United States of America's Motion to Dismiss. Docket No. 7. The matter is ripe for adjudication.

**I.     Background**

On June 11, 2020, Plaintiffs Brittany Pollard, individually, and Samuel Pollard, Jr., individually, and Brittany and Samuel Pollard, Jr. on behalf of all wrongful death beneficiaries of Chloe Leigh Pollard, deceased ("Plaintiffs") filed a state court complaint in Hinds County, Mississippi, alleging medical malpractice against the Defendants Edith-Smith Rayford, M.D.; Samuel Brown, M.D.; and Jackson HMA, LLC, also known as Merit Health Central, doing business as Central Mississippi Medical Center .

On December 9, 2020, the United States removed the action to federal court. The United States Attorney for the Southern District of Mississippi has certified that pursuant to 42 U.S.C. § 233, Defendants Dr. Smith-Rayford and Dr. Brown are deemed to be covered by the Federal Tort Claims Act, as both were employees of covered entities under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n), at the time of the relevant events. *See Warren v. Joyner*, 996 F.Supp. 581, 583 (S.D. Miss. 1997). Based on this certification, the United States of America has been substituted as the proper Defendant in the place of the doctors. *See* Docket No. 3.

The United States filed this motion to dismiss on December 16, 2020. The Plaintiffs still have not filed a response to the motion, but Jackson HMA, LLC filed its response on January 8, 2021. In the response Jackson HMA states that it did not oppose the motion and asserts that this Court would still possess diversity jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a). There is sufficient evidence for this Court to rule.

**II.    Discussion**

The government asserts that the claim raised against it must be dismissed on two independent grounds: (1) "Plaintiffs failed to exhaust their administrative remedies prior to initiating the present lawsuit," citing 28 U.S.C. § 2675, and (2) "because Plaintiffs failed to present a claim within two years of claim's [sic], the causes of action against the United States should be dismissed with prejudice," citing 28 U.S.C. § 2401(b). Docket No. 7 at 1. In the alternative, the government asserts that the "Plaintiffs failed to properly serve Defendants," and "[t]herefore, the claims against the United States should be dismissed under Rule 12(b)(5) of the Federal Rules of Civil Procedure." Docket No. 7 at 2.

**A.    Failure to Exhaust**

According to 28 U.S.C. § 2675, part of the Federal Torts Claims Act (FTCA), a plaintiff must present their claim to the appropriate federal agency before initiating a lawsuit. Section 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or loss of property or person injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). "Under § 2675(a), a plaintiff must exhaust all administrative remedies before filing suit against the United States, such as presenting his claims to the appropriate federal agency. Otherwise, a suit against the United States cannot proceed." *Dept. of Pub. Safety v. United States*, 342 F. Supp. 2d 617, 618 (S.D. Miss. 2004); *see also McNeil v. United States*, 508 U.S. 106, 111 (1993).

"Exhaustion of administrative remedies is a jurisdictional perquisite to suit under the Tort Claims Act, and absent compliance with the statute's requirement [a] district court [is] without jurisdiction." *McAffee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989). A court must dismiss claims over which it has no jurisdiction. *Chickaway v. United States*, 823 F.2d 452, 457 (S.D. Miss. 2011).

Meredith Torres, an attorney in the Office of the General Counsel in the Department of Health and Human Services, says she has "caused a search of the Claims Office's database and found no record of administrative tort claim filed by [Plaintiffs]." Docket No. 8-1. Thus, because the Plaintiffs did not exhaust their administrative claims, the Court is without jurisdiction over the subject matter of the claims against the United States.

  b. **Statute of Limitations**

The government also contends that Plaintiffs did not file their claim within the applicable statute of limitations. Pursuant to 28 U.S.C. § 2401(b), a plaintiff must present a tort claim to the appropriate federal agency within two years after the claim accrued. "The FTCA requires that a plaintiff first exhaust her administrative remedies before commencing an action against the United States." *Dupree v. U.S.*, 495 F. App'x 422, 424 (5th Cir. 2012). Failing to present a claim to the federal agency within two years of accrual renders the claim "forever barred." *Id.*

The Plaintiffs' Complaint alleges that their claims occurred on or before April 13, 2018. The Plaintiffs did not file their complaint until June 11, 2020, which was more than two years after the claim accrued. Therefore, the claims against the United States are time-barred.

Thus, because the Plaintiffs failed to exhaust their claim and did not file within the statute of limitations, the claims against the United States must be dismissed and the United States' motion will be granted.

The final remaining issue is whether this case can remain in this Court. As Defendant Jackson HMA asserts in its response, the Court will have diversity jurisdiction over the case under 28 U.S.C. § 1332. Plaintiffs are both Mississippi residents and for the sake of diversity jurisdiction, Jackson HMA is a resident of both Tennessee and Delaware. *See* Docket No. 10-1 and Docket No. 9. While the complaint does not list a specific amount in controversy, it seeks damages for the alleged personal injury of Ms. Pollard and the alleged wrongful death of Chloe Leigh Pollard, as well as other damages. This surely amounts to a controversy of over $75,000, and thus the Court will have jurisdiction. Therefore, the claims against Defendant Jackson HMA will remain.

Within 10 days, the parties shall contact the chambers of the Magistrate Judge to schedule a case management conference.

**SO ORDERED**, this the 5th day of May, 2021.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE